Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022

Douglas J. Campion, Esq. (SBN: 75381)
**Law Offices Of Douglas J. Campion**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

Attorneys for the Plaintiff

FILED
08 JUN -5 PM 4:02
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: CP  DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kevin Lemieux, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br>v.<br><br>Global Credit & Collection Corp,<br><br>Defendant. | Case Number: '08 CV 1012 IEG POR<br><br>**Class Action**<br><br>**Complaint For Damages And Injunctive Relief Pursuant To 47 U.S.C. § 227 Et Seq. (Telephone Consumer Protection Act)**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. Kevin Lemieux ("Plaintiff") brings this action for damages, and any other available legal or equitable remedies, resulting from the illegal actions of Global Credit & Collection Corp, ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), and thereby invading Plaintiff's privacy.

cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.  Further, Plaintiff alleges a national class, which will result in at least one class member belonging to a different state.  Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because the events giving rise to Plaintiff's causes of action against Defendant occurred within the State of California and the County of San Diego.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, an individual citizen of the State of California, and resident of the County of San Diego.

5. Plaintiff is informed and believed, and thereon alleges, that Defendant DIRECTV Group, Inc. is, and at all times mentioned herein was, a Delaware Corporation whose headquarters are located at 2230 East Imperial Highway, El Segundo, California, and is authorized to do business in the State of California, and does business in the County of San Diego, California.

6. Plaintiff is informed and believed, and thereon alleges, that Defendant DIRECTV Holdings, LLC is a limited liability company and subsidiary of Defendant DIRECTV Group, Inc., with its headquaters located at at 2230 East Imperial Highway, El Segundo, California, and does business in the County of San Diego, California.

## FACTUAL ALLEGATIONS

7. At all times relevant Plaintiff was an individual residing within the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

8. Defendants are, and at all times mentioned herein were, a corporation or other legal entity, and a "person," as defined by 47 U.S.C. § 153 (10).

9. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendants conducted business in the State of California and in the County of San Diego.

10. On at least two occasions prior to the date this Complaint was filed, but sometime after four years prior to the date this Complaint was filed, Defendants contacted Plaintiff on Plaintiff's cellular telephone via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(1).

11. Plaintiff is informed and believes, and thereon alleges, that during these telephone calls Defendants used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A).

12. Plaintiff's telephone number called by Defendants was assigned to a cellular telephone service and for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

13. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

14. These telephone calls constituted calls for solicitation purposes.

15. Plaintiff did not provide prior express consent to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

16. These telephone calls by Defendants violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated ("the Class").

18. Plaintiff represents, and is a member of, the Class, consisting of all persons within the United States who received any telephone call from Defendants or their agents to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice, within the four years prior to the filing of this Complaint.

19. Defendants and their employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class Members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

20. Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and Class members previously paid, by having to retrieve or administer messages left by Defendants during those illegal calls, and invading the privacy of said Plaintiff and Class members. Plaintiff and the Class were damaged thereby.

21. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

22. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records.

23. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the four years prior to the filing of this Complaint, Defendants made any calls (other than calls made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, and whether such calls were not otherwise exempt from the TCPA's requirements.

   b. Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violation; and

   c. Whether Defendants should be enjoined from engaging in such conduct in the future.

23. As a person that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's express prior consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

24. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

25. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

26. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

27. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 ET SEQ.

### BY PLAINTIFF AGAINST DEFENDANTS

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

30. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and the Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

31. Plaintiff and the Class Members also seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

### BY PLAINTIFF AGAINST DEFENDANTS

32. Plaintiff incorporates by reference paragraphs 1 through 27, inclusive, of this Complaint as though fully stated herein.

33. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

34. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and each of the Class Members are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

35. Plaintiff and the Class Members also seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendants:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

36. As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class Member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

37. As a further result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class Member injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

38. As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class Member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

39. As a further result of Defendants' knowing and willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class Member injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

### TRIAL BY JURY

40. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: 6/5/08

Hyde & Swigart

By: _____
Robert L. Hyde, Esq.

Date: June 4, 2008

Law Offices of
Douglas J. Campion

By: _____
Douglas J. Campion, Esq.

Attorneys for the Plaintiffs

```
            UNITED STATES
            DISTRICT COURT
         SOUTHERN DISTRICT OF CALIFORNIA
              SAN DIEGO DIVISION

         # 151668     -- TC
         * * C O P Y * *
            June 05, 2008
               16:00:36


            Civ Fil Non-Pris
     USAO #.: 08CV1012
     Judge..: IRMA E GONZALEZ
     Amount.:              $350.00 CK
     Check#.: BC2428



            Total-> $350.00


     FROM: KEVINE LEMIEUX VS.
           GLOBAL CREDIT & COLLECTION COR
```

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**
Kevin Lemieux, and individually and on behalf of others similarly situated,

**DEFENDANTS**
Global Credit & Collection Corp.,

FILED
08 JUN -5 PM 3:57
CLERK, U.S. DISTRICT COURT

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**   San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Joshua B. Swigart, State Bar No. 225557
411 Camino Del Rio South, Ste. 301
San Diego, CA 92108
Tel: 619-233-7770

**ATTORNEYS (IF KNOWN)**
Unknown

'08 CV 1012 IEG POR

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).
47 U.S.C. §227 et seq. Negligent Violations Of The Telephone Consumer Protection Act, Knowing and/or Willful Violations Of The Telephone Consumer Protection Act.

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | | | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | ☐ 862 Black Lung (923) | |
| ☐ 160 Stockholders Suits | | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| | | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

ORIGINAL

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   ☒ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   **DEMAND $** 76000   Check YES only if demanded in complaint:   JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):   JUDGE   Docket Number

DATE 06/04/2008   SIGNATURE OF ATTORNEY OF RECORD

JAC # 151666 $350
6/5/08

CR